SO ORDERED: June 14, 2011.



_____
**Frank J. Otte
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GARY LEE MCCARTIN and | ) | CASE NO. 09-93972-FJO-7 |
| DONNA RUTH MCCARTIN | ) | |
| | ) | |
| Debtors | ) | |
| _____ | ) | |
| | ) | |
| DAVID M. ROTH, MARSHA B. ROTH and | ) | |
| WEST BROAD DEVELOPMENT, LLC | ) Adversarial Proceeding No.10-59014 |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| GARY L. MCCARTIN | ) | |
| DONNA RUTH MCCARTIN | ) | |
| Defendants | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Motion for Summary Judgment and supporting documents filed by the Plaintiffs and the response filed thereto by the Defendants. The Court held a hearing on this matter and it is now ready for the Court's consideration. The Court now

makes its findings and conclusions pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FINDINGS OF FACT

1. In 1999, Plaintiff, West Broad Development, LLC ("West Broad") was created. Since its inception it has had only one business activity: to pay a mortgage on its one piece of property and collect rents thereon from the property's sole tenant.

2. Defendant, Gary Lee McCartin was the managing member of West Broad who was responsible for paying the mortgage and collecting the rent.

3. Under the Operating Agreement for West Broad, Section 10.1(a)(b) West Broad is and was member managed.

4. Under Section 10.3 of the Operating Agreement its members were not entitled to management compensation without the unanimous consent of all members.

5. In 2005, an action to dissolve West Broad was filed in Kentucky's Jefferson Circuit Court, styled Gary L. McCartin v. West Broad Development LLC and David M. Roth, Number 05-CI-02439. ("the Action").

6. At the time the Action was filed, the members of West Broad were Plaintiffs, David and Marsha Roth, as well as David Cooper and Gary McCartin. Mr. Cooper subsequently assigned his interests in West Broad to the Roths and Mr. McCartin's interests were also acquired by the Roths.

7. In response to the Action, Counterclaims were filed by the members of West Broad against Mr. McCartin for fraud, defalcation, embezzlement and/or larceny by Mr. McCartin as a fiduciary of the company funds of West Broad.

8. The Counterclaims were sent to arbitration.

9. The Arbitration was originally set for October 30, 2007.

10. On September 26th and 28th, 2007 telephonic hearings were held with the arbitrator and the arbitration was rescheduled for January 29, 2008.

11. On October 30, 2007, counsel for Mr. McCartin filed a motion to withdraw before the arbitrator.

12. On November 11, 2007, Mr. McCartin was given thirty days to obtain new counsel and it was specifically stated that the arbitration set for January 29, 2008 was to remain as scheduled.

13. On January 22, 2008, a letter was sent to Mr. McCartin and others reminding them that the arbitration was set for January 29th, 2008.

14. On January 28, 2008, the day before the arbitration was scheduled, Mr. McCartin sent a letter to the American Arbitration Association stating that "unnamed counsel had withdrawn."

15. The next day, at the scheduled arbitration, Mr. McCartin appeared without counsel and requested a continuance. The continuance was denied by the Arbitrator in a written order dated February 25, 2008.

16. In the ensuing discussion after Mr. McCartin requested a continuance, he advised the arbitrator that he had only learned during the first week of January that he would need new counsel as he thought he had obtained services of a new attorney. When questioned about that new attorney, Mr. McCartin advised that he had spoken with Robert Hamilton in Indiana.

17. At that time, a telephonic conference was held between Mr. Hamilton and the arbitrator. Mr. Hamilton indicated that he first spoke to Mr. McCartin about the proceeding on January 22, 2008; that he received papers regarding the arbitration on January 23rd; and that after reviewing the papers, advised Mr. McCartin that he could not appear as counsel for the

arbitration. Mr. Hamilton made it clear that he never agreed to represent Mr. McCartin. After Mr. Hamilton indicated these facts to the arbitrator, Mr. McCartin confirmed their accuracy.

18. Mr. McCartin had not complied with discovery requests which had been made on repeated occasions. Mr. McCartin did not offer an explanation for not obtaining counsel for the arbitration even though the parties were in ongoing litigation in the Jefferson Circuit Court and Mr. McCartin was represented by counsel in the Jefferson Circuit Court.

19. After considering all the facts, that the arbitration was exclusively an issue of fact and that the disagreements between the parties were factual and did not involve legal issues, the motion for a continuance was overruled and the arbitration went forward.

20. At the arbitration hearing, both David M. Roth and Gary L. McCartin were sworn and called to testify.

21. The matters considered at arbitration arose out of Mr. and Mrs. Roth's Counterclaims. Following David and Marsha Roth's case, Mr. McCartin put on his case and testified under oath.

22. At the end of Mr. McCartin's proof, rebuttal testimony was offered by David M. Roth and David Cooper was also called as a witness.

23. On February 27th, 2008, the arbitrator issued his award ("Award").

24. The Award provides that the arbitrator heard evidence presented by the parties and considered the witnesses, the exhibits and other evidence introduced by the parties and found for the respondents in arbitration, David M. Roth, Marsha Roth, David Cooper and West Broad Development.

25. The Award against Gary L. McCartin and in favor of Respondents provides damages as follows:

a) $29,079.70 for payments to Valenti, Hanley & Crooks, PLLC. These payments do not represent legal services for and on behalf of West Broad Development LLC;

b) $36,000.00 which represents management fees charged by Gary L. McCartin or other companies and approved by Gary L. McCartin without the proper approval of West Broad Development, LLC and in violation of KRS Chapter 275 et seq;

c) $42,392.07 which represents payments by Gary L. McCartin of funds from West Broad Development, LLC for which disbursements were not explained nor was there proper authorization by West Broad Development, LLC for the distribution; and

d) $56,244.79 for distributions taken by Gary L. McCartin which were either unauthorized or improper under KRS Chapter 275 et seq.

26. The total amount of damages awarded by the Award was $163,683.56. With interest from the date of the expenditures, the total Award was $216,603.82 plus 12% interest from the date of the Award.

27. In addition, the arbitrator's Award found that Mr. McCartin was required to reimburse David Roth, Marsha Roth and David Cooper the sum of $5,560.00 representing the portion of fees and expenses in excess of the apportioned costs previously incurred by David and Marsha B. Roth and David Cooper, as well as interest on the "improper" payments and fees above.

28. On June 4, 2008 the arbitrator's Award was confirmed pursuant to KRS 417.150 in the amount of $222,163.82 at the rate of 8% per annum from February 1, 2008 until March 1, 2008 and 12% thereafter until paid (the "Judgment").

## CONCLUSIONS OF LAW

1. Federal Rule of Bankruptcy Procedure 7065 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings.

2. Rule 56 states that summary judgment shall be rendered "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

    3. The burden is on the moving party, here the Roths and West Broad, to establish the absence of material fact and identify the evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

    4. The burden then shifts to the non moving party who must "go beyond the pleadings" and by his or her own affidavits, depositions, answers to interrogatories, and/or admissions on file designate specific facts to demonstrate that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. at 324.

    5. When ruling on a summary judgment motion the Court must view the facts in a light most favorable to the non-moving party and allow the party the benefit of all reasonable inferences.

    6. Under 11 U.S.C. 523(a)(4), a debt is nondischargable if it is "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

    7. The Federal Courts are required to give state court judgments the same preclusive effect that judgments have in state court and in so doing rely on state law. Dollie's Playhouse, Inc v. Nable Excavating Inc., 481 F.3d 998, 1000 (7th Cir. 2007).

    8. The determination of whether Mr. McCartin was a fiduciary and a determination of the preclusive effect of the state court judgment is to be determined under Kentucky law where McCartin sought to dissolve West Broad, a Kentucky LLC, and where his breach of fiduciary duties occurred and was adjudicated.

    9. Under the standard set forth in Patmon v. Hobbs, 280 S.W. 3d 589, 591 (Ky. App.

2009), a managing member has a fiduciary duty to the members of an LLC and the LLC. As a result, as the managing member, Mr. McCartin owed fiduciary duties to the members of West Broad.

10. Moreover, under KRS 275.170(2), unless varied by the terms of the operating agreement each member and manager shall account to the limited liability company and hold as trustee for it any profit or benefit derived by that person without the consent of more than one-half (½) by number of the disinterested managers…or the majority-in-interest of the members.

11. The Operating Agreement for West Broad in Paragraph 10.3 provides that this consent must be unanimous.

12. As a result, pursuant to the holdings of Patmon and KRS 275.170, Mr. McCartin was acting in a fiduciary capacity on behalf of West Broad and was to hold as trustee for the members any monies which he obtained from West Broad without the unanimous consent of the members.

13. The Middle District of Louisiana in 2006 in In re Wells, 368 B.R. 506, 512 (M.D. La. 2006) addressed virtually identical statutory language to KRS 275.170 and held that this statutory language imposed a fiduciary relationship for purposes of 11 U.S.C. §523(a)(4).
42. Based on the findings of the arbitrator in the Award and the evidence discussed above, the payments set forth in the Arbitrator's Award were made without authorization and were improper payments, management fees or distributions. This Court is bound by those findings. In addition, there is no evidence tendered in opposition to the Motion for Summary Judgment to refute these findings or to dispute the evidence tendered by the Plaintiffs. As a result, the Award and Judgment are nondischargable.

14. The doctrines of res judicata and collateral estoppel apply in the bankruptcy context.

See Crop-Maker Soil Servs., Inc. v. Fairmont State Bank, 881 F.2d 436, 439 (7th Cir. 1989). A bankruptcy court must afford full faith and credit to a valid state court judgment to the same extent as the rendering state. Gouveia v. Tazbir, 37 F.3d 295, 300 (7th Cir. 1994).

15. Where factual questions have previously been determined using the same standards that the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments. Thus, if requirements for applying collateral estoppel have been satisfied then the doctrine should apply to bar relitigation in a bankruptcy case of an issue determined by the state court. Klingmen v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987).

16. Under Kentucky law, res judicata bars an action where there is an identity of the parties, identity of causes of action, and the prior action was decided on the merits. Moore v. Commonwealth , 954 S.W. 2d 317, 318 (Ky. 1997). The concept also applies to arbitration awards. Stewart Services, Inc. v. Tilford Mech. Contractors, Inc. 2003-CA-000523-MR, 2004 WL 1046370 (Ky. Ct. App. May 7, 2004). Under Kentucky law, the concepts of res judicata and collateral estoppel have been collapsed into one legal principal. Moore, 954 S.W. 2d at 318. The concepts of res judicata and collateral estoppel "contemplate that the court in which the plea of res judicata is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom res judicata is pleaded had a realistically full and fair opportunity to present his case." Id. at 319.

17. In the case before this Court, the parties are the same, the issue of whether the payments were improper or unauthorized was previously determined, and a final decision on the merits reached. This was a necessary issue to the decision and Mr. McCartin was given a full and fair opportunity to litigate and lost. As such under Kentucky law the Award and subsequent

Judgment must be given preclusive effect.

18. The 7th Circuit Court of Appeals is in accord with the requirements of Kentucky law which this Court is bound to follow to determine whether res judicata and collateral estoppel apply. See Matter of Bulic, 997 F.2d 299 (7th Cir. 1993).

19. The only evidence tendered by Mr. McCartin in response to the Roths Motion for Summary Judgment is that Mr. McCartin was unrepresented by counsel and he had asked for a continuance. As discussed above, this evidence is irrelevant. Mr. McCartin does not deny that the payments were unauthorized or improper, but only states that the arbitrator's Award did not indicate that there was any fraud. As described above the findings of the Award and the evidence included with the motion for summary judgment reveal that the arbitrator found the payments were improper and in violation of Mr. McCartin's fiduciary duties. Under Steelvest Inc. v. Scansteel Service Center, Inc., 807 S.W. 2d 476, 487 (Ky. 1991) this is fraud. Moreover, as stated above, Mr. McCartin was to hold in trust the funds he used and in failing to do so it constitutes non-dischargable conduct under 11 U.S.C. §523(a)(4).

20. While the Court is bound to determine the preclusive effect of the state court judgment under Kentucky law, Mr. McCartin argues that the 7th Circuit's opinion applying Wisconsin law in Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987) somehow dictates a different result. Even if Klingman did apply and this Court were determining the preclusive effect under Wisconsin law rather than Kentucky which it is not, the prior Award and Judgment would still bind this Court.

21. The only requirement at issue from Klingman that McCartin argues prevents the grant of summary judgment is the fact that Mr. McCartin was not "fully represented in the prior action." Klingman v. Levinson, 831 F.2d at 1295. This requirement under Wisconsin law,

however, does not mean that Mr. McCartin must have counsel. Mr. McCartin was able to present his side of the facts at the arbitration. He testified and put on a case. He had the opportunity to obtain counsel and did not have counsel present at the arbitration.

22.  As indicated by the decision in In re Wilson, 216 B.R. 258 (U.S. Bankruptcy Court E.D. Wisconsin 1997), because Mr. McCartin chose to proceed without counsel and now does not like the result, does not mean he can avoid the judgment and start over. As stated by the court in In re Wilson , 216 B.R. at 266- 267.  It would be a poor use of adjudicative resources to allow an individual to conduct an extensive hearing [or arbitration]… without an attorney, proceed through the state court review, and then litigate the same facts in bankruptcy court if he did not like the result.

23. Based upon the reasons set forth above, the decision of the Arbitrator dated February 27th, 2008 and Judgment of the Jefferson Circuit Court dated June 4, 2008 reflecting that $222,163.82 at the rate of 8% per annum from February 1, 2008 until March 1, 2008 and 12% thereafter until paid are deemed nondischargable pursuant to 11 U.S.C. §523(a)(4). Interest shall continue to accrue as specified therein until the Award and Judgment are fully satisfied.

## CONCLUSION

The Court shall enter a separate judgment based on these findings of fact and conclusions of law.

###